825 F.2d 408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Russell R. SAMPLES, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 86-1227
 United States Court of Appeals, Fourth Circuit.
 Submitted April 29, 1987.
Decided July 30, 1987.
 
 Susan L. Kimbler, on brief, for petitioner.
 Diane Hodes, United States Department of Labor, Office of the Solicitor; George R. Salem, Solicitor of Labor; Donald S. Shire, Associate Solicitor; J. Michael O'Neill, Counsel for Appellate Litigation; Thomas L. Holzman, Assistant Counsel for Appellate Litigation, on brief, for respondent.
 Before WINTER, Chief Judge, HAYNSWORTH, Senior Circuit Judge, and HARVEY, United States District Court Chief Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Russell Samples sought black lung benefits but his claim was denied because the administrative law judge, whose decision was affirmed by the Board, concluded that Samples provided no evidentiary base on which to invoke the interim presumption of disability. Samples appeals and we affirm.
 
 
 2
 Samples is a seventy year old former coal miner who worked in coal mines from 1936 until 1959. The results of objective medical tests, i.e., x-rays, ventilatory function studies and blood gas studies, were all non-qualifying under the criteria established by 20 C.F.R. Sec. 727.203(a). Of course the interim presumption may also be invoked under Sec. 727.203(a)(4) if a physician diagnoses the presence of a totally disabling respiratory impairment. See Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4 Cir. 1986), cert. granted sub nom, Mullins Coal Co. v. Director, ---- U.S. ---- (1987). The only issue in this case is the sufficiency of the medical report of Dr. Grable, who treated Samples since 1961, to invoke the presumption.
 
 
 3
 While Dr. Grable reported that Samples was totally disabled due to an occupational disease, he failed to state the basis for his conclusion. It is true that Dr. Grable said that Samples had developed 'progressive dyspnea, especially on exertion,' but shortness of breath, standing alone, does not warrant a finding of total disability due to pneumoconiosis. It is also true that Samples had a history of heart trouble and heart surgery. As a general rule 'a bald conclusion, unsupported by medical reasoning and evidence, is generally of no use to a reviewing court.' Shrader v. Califano, 608 F.2d. 114, 118 & n.4 (4 Cir. 1979); Jordan v. Califano, 582 F.2d 1333, 1335 (4 Cir. 1978). See also Prater v. Harris, 620 F.2d 1074, 1084 n.11 (4 Cir. 1980) ('it is imperative that [a consulting doctor] explain in detail, not conclusory terms, why he deems the test results to be nonpersuasive evidence of respiratory disease').
 
 
 4
 On the basis of these authorities, we do not think that Dr. Grable's unamplified statement that '[t]he man is totally disabled at present and it is my impression he will not be able to work again,' was sufficient to invoke the interim presumption. It follows that substantial evidence supported the administrative law judge's conclusion that Samples is not entitled to black lung benefits.
 
 
 5
 AFFIRMED.